IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| LESLIE BALDWIN, for and on behalf of her son, K.B., a minor,<br><br>Plaintiff,<br><br>vs.<br><br>KALISPELL SCHOOL DISTRICT #5, a.k.a. KALISPELL PUBLIC SCHOOL, GLACIER HIGH SCHOOL, and DOES and ROES 1-10,<br><br>Defendants. | CV 23-127-M-DWM<br><br>OPINION<br>and ORDER |

There are times when more than a nodding acquaintance with the Federal Rules of Procedure is a necessity. The same holds true with scheduling orders entered in a case to promote the fair resolution of any dispute. The original Federal Rules of Civil Procedure took effect on September 16, 1938. These rules were a significant development in the history of American civil procedure, as they marked the first time that the federal courts had a set of uniform rules to govern the conduct of civil litigation. Recent amendments to these rules emphasize their purpose: "They should be construed, administered, and employed by the court *and the parties* to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1 (emphasis

1

added). When the parties, or counsel, fail to adhere to the rules there is a tendency to negate that purpose, in particular the *just, speedy, and inexpensive* resolution of the case. That is the problem here as neither the rule involving expert testimony nor the Court's pretrial order has been followed by the plaintiff and her counsel.

In October 2023, Plaintiff Leslie Baldwin sued Kalispell School District #5 and Glacier High School (collectively "the District") on behalf of her minor son, K.B., alleging that K.B. was sexually assaulted in February 2022 on a bus returning from a school-sanctioned wrestling event.[1] (*See* Docs. 1, 27.) A jury trial is set for March 3, 2025. (Doc. 20 at ¶ 1.) In the present motion, the District seeks to exclude the testimony of Baldwin's retained expert, Thom Luedemann, arguing its untimeliness and insufficiency. (Doc. 41.) That motion is granted.

## ANALYSIS

The District points out several inadequacies in Baldwin's expert disclosures, highlighting her counsel's explicit noncompliance with Rule 26(a)(2)(B). While the rules recognize some excuses for inadequate expert disclosures, none apply here. Thus, the District's motion to exclude Luedemann's testimony is granted as well-taken. Additionally, considering the requirements of the rules, Baldwin must

---

[1] Baldwin also originally sued several individuals, (*see* Doc. 1), but voluntarily dismissed those claims, (*see* Docs. 24, 27), leaving only the two school entities.

2

show cause why her hybrid experts should not also be precluded for testifying in light of her noncompliance with Rule 26(a)(2)(C).

I.  **Expert Disclosure Rules**

Parties are required to make their expert disclosures at the time and in the manner ordered by the Court. *Goodman v. Staples The Office Superstore, LLC*, 644 F.3d 817, 827 (9th Cir. 2011). If a party fails to properly disclose this information, the party cannot use the non-disclosed information at trial "unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1); *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001). Here the parties were reminded of this potential sanction in the Scheduling Order, which states: "An inadequate report or disclosure may result in exclusion of the expert's opinions at trial even though the expert has been deposed." (Doc. 20 at ¶ 12(c).)

Rule 26(a)(2) provides for disclosures by two types of expert: those retained or specifically employed to give expert testimony in a case, Fed. R. Civ. P. 26(a)(2)(B), and those who are not retained or specially employed to give expert testimony, but who nonetheless may provide expert testimony, Fed. R. Civ. P. 26(a)(2)(C). An expert who falls into the first category is required to provide a signed expert report, containing:

> (i) a complete statement of all opinions the witness will express and the basis and reasons for them;
>
> (ii) the facts or data considered by the witness in forming them;

3

(iii) any exhibits that will be used to summarize or support them;

(iv) the witness's qualifications, including a list of all publications authored in the previous 10 years;

(v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and

(vi) a statement of the compensation to be paid for the study and testimony in the case.

Fed. R. Civ. P. 26(a)(2)(B). An expert who falls into the second category, however, only needs to provide disclosures stating both "the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705[] and . . . a summary of the facts and opinions to which the witness is expected to testify." Fed. R. Civ. P. 26(a)(2)(C)(i), (ii).

## II. Baldwin's Disclosures

The Scheduling Order states Baldwin's liability expert disclosures were due by September 13, 2024. (Doc. 20 at ¶ 1.) On September 12, Baldwin provided the District with her "Notice of Expert Witnesses' Designation," (Doc. 36), noticing an intent to use unidentified treating "Medical and Mental Health Experts" and a single retained expert, Luedemann, see (Doc. 42-1). Attached to that Designation was Luedemann's CV. (*See* Doc. 42-2.) It was not until the District reached out to Baldwin's counsel about the present motion that, on September 27, Baldwin provided Luedemann's signed expert report, the contents of which are almost

4

identical to the attorney-prepared Designation. (*See* Doc. 42-3; *see also* Doc. 45-4.)

### III. The District's Challenges

The District accurately argues that Luedemann's disclosure is insufficient because a signed report was not originally provided and neither the Designation nor Luedemann's CV included the necessary information under Rule 26(a)(2)(B)(i), (ii), (iii), (v), and (vi). The District further claims that any attempt to supplement that disclosure now would be untimely. Baldwin's response is limited to a single page stating that: (1) she provided the signed report as soon as the failure was noted and (2) she intends to supplement her disclosures following depositions of key witnesses despite the passage of the expert disclosure deadline. (Doc. 43.) Neither argument is compelling. If Rule 26(a)(2)(B) requires a report from the expert, the deposition of that expert may be conducted only *after* the report is provided. The failure here prejudices the District in defense discovery and trial preparation.

#### A. Failure to Provide a Timely, Signed Report

Rule 26(a)(2)(B) explicitly requires the parties to disclose the identity of each retained expert witness "accompanied by a written report—prepared and signed by the witness." "Rule 37(c)(1) gives teeth to th[is] requirement[] by forbidding the use at trial of any information required to be disclosed by Rule 26(a)

5

that is not properly disclosed." *Yeti by Molly, Ltd.*, 259 F.3d at 1106. However, the information may be used if the parties' failure to comply with Rule 26(a) was substantially justified or harmless. Fed. R. Civ. P. 37(c)(1). Here, there is no dispute that Baldwin's counsel failed to disclose a signed expert report by the deadline. There are also no facts upon which to find substantial justification. Thus, Baldwin's only safe harbor is harmlessness. Weighing in Baldwin's favor is the fact that counsel provided an expert report to the District three weeks later. (*See* Doc. 42-3.) And the District itself notes that the content of that report was consistent with that included in the attorney-prepared Designation. (*See* Doc. 42 at 4 ("Plaintiff's Counsel later provided the expert report, signed by Luedemann, the substance of which does not vary from the attorney-prepared document.").) However, the fact that Baldwin's counsel tried to fix this particular insufficiency is undermined by the fact that counsel knew at the time of the expert disclosure deadline that the expert would need to rely on the depositions of school officials that counsel failed to schedule prior to the deadline. (*See* Docs. 45-1, 45-2 (indicating counsel initially requested depositions in June 2024 but then did not follow up until September 2024 to get them scheduled).) As a result, Baldwin's counsel knew the initial report was insufficient and supplementation of that report is not necessarily appropriate under Rules 26(e)(2). Deadlines have meaning. The Federal Rules of Civil Procedure have meaning. The Court's pretrial order has

meaning. Counsel's failures on this front are neither substantially justified nor harmless.

**B.     Insufficiency of the September 12 Designation**

Setting aside the absence of a separate report, neither the September 12 Designation nor Luedemann's CV included the necessary information under Rule 26(a)(2)(B)(i), (ii), (iii), (v), and (vi). Indeed, Baldwin herself concedes that the Designation fails to provide "a complete statement of all opinions" Luedemann intends to give, *see* Fed. R. Civ. P. 26(a)(2)(B)(i), as she argues he needed to review the subsequent depositions, (*see* Doc. 43 at 2), her counsel failed to take. Additionally, other than broad statements regarding "review of case notes," the Designation does not identify "the facts or data considered by" Luedemann in forming his opinions. *See* Fed. R. Civ. P. 26(a)(2)(B)(ii). Nor does it identify the relevant exhibits as required by Rule 26(a)(2)(B)(iii). Luedemann's CV does not list other cases he has been involved with, *see* Fed. R. Civ. P. 26(a)(2)(B)(v), or state his compensation, Fed. R. Civ. P. 26(a)(2)(B)(vi). Accordingly, the September 12 disclosure failed to meet the requirements of Rule 26(a). This further counsels against finding Baldwin's counsel's delinquency harmless.

**C.     Insufficiency of Luedemann's Untimely Signed Report**

Finally, the District argues that Luedemann's September 30 signed report is also deficient under Rule 26(a)(2)(B)(i), (ii), and (iii), and that he is not qualified to opine on K.B.'s emotional harm. The District's position is once again persuasive.

1.   **All Opinions**

Baldwin herself has stated that supplementation of the expert report is required in light of the September 2024 depositions. (*See* Doc. 43.) And apparently such supplementation has already occurred. (*See* Doc. 44.) Thus, there is no real dispute that Luedemann's September 30 report did not fully state his opinions and the basis for them.

2.   **Facts of Data Considered**

In his signed report, Luedemann identifies the information he reviewed in preparing his opinion. (*See* Doc. 42-3 at 1–2.) Specifically, he states that he reviewed the pleadings, "[s]chool policies on Title IX compliance and student supervision," "[s]tatements from school officials involved," "[r]elevant federal and state guidelines on student safety and harassment prevention," and "[c]ase notes and personal statements from Leslie Baldwin regarding her son's experience with Kalispell School District, CPS, and other authorities, providing additional context to systemic issues." (*Id.*) The District argues that list is fatally deficient in that it does not include the Title IX investigation report or indicate that Luedemann has reviewed any other Title IX complaints so as to have a basis of comparison. The

8

District is also concerned that Luedemann does not identify any of the underlying documents that would support his conclusions of, *inter alia*, a "documented hazing culture," (*id.* at 2), a "broader pattern of mishandling Title IX-related complaints," (*id.* at 2–3), and "numerous warning signs" of a "well-known hazing culture," (*id.* at 3). And as it relates to the "case notes" provided by Baldwin, the District states that no such notes were disclosed in discovery.

Ultimately, while Luedemann's failure to consider the Title IX investigation report is fodder for a challenge under the Federal Rules of Evidence or for cross-examination, it is not a clear Rule 26 disclosure problem. This may be a serious trial challenge for Baldwin as Luedemann's failure to consider this central document is likely to fatally undermine his credibility. Although a closer question, the District's other concerns fall in this same category. The vagueness of Luedemann's references makes it difficult to determine what specific information he relied on in formulating his opinions. A good guess is that most of his information came from Baldwin herself. (*See* Doc. 43-2 at 2.) While such information may form the basis of an expert opinion, *see* Fed. R. Evid. 703, this source is also likely to undermine his credibility at trial, *see* Fed. R. Evid. 705 (stating that while an expert need not testify to factual basis for opinion prior to offering it, "the expert may be required to disclose those facts or data on cross-examination"). Even so, some of the District's arguments would have more

9

properly been raised in the context of Rule 702, i.e., challenging the relevance and reliability of Luedemann's conclusions. Given the inadequacy of his disclosures in other capacities, however, this is a moot issue.

### 3. Exhibits

Luedemann does not identify any exhibits he intends to use.

### 4. Emotional Harm

The District argues that Luedemann is not qualified or at least has not demonstrated his qualification to assess K.B.'s alleged emotional harm. The District is correct. Recognizing his extensive experience as a teacher and with school administration, nothing in Luedemann's CV or report indicates that he has specialized knowledge in juvenile mental health. *See* Fed. R. Evid. 702.

## D. Conclusion

Ultimately, the cumulative inadequacies in Baldwin's disclosure regarding Luedemann are simply too many. Counsel's failure to provide a timely and sufficient expert report under Rule 26(a)(2)(B) is therefore neither substantially justified nor harmless. The District's request to exclude Luedemann as an expert is granted.

## IV. Hybrid Expert Disclosures

Although not raised by the District, Baldwin also has a serious problem as it relates to her disclosure of the treating physicians in the case. Her Rule 26(a)(2)(C) disclosure merely states:

> Plaintiff reserves the right to elicit testimony from any and all of Plaintiff's medical providers as "hybrid" fact/expert witnesses, pursuant to *Norris v. Fritz*, 2012 MT 27, ¶ 19 *et seq.*, to testify regarding any and all impressions, opinions and observations developed in the court and scope of their treatment of Plaintiff, as well as the information contained in their records, which have been previously provided to counsel, or which have been requested and will be provided. Plaintiff further reserves the right to elicit testimony of these witnesses for future treatment opinions to which they have already opined or to which they opine in the future in either their medical records and/or deposition testimony.

(Doc. 42-1 at 2.)[2] While this disclosure may be benevolently read to state the subject matter of the anticipated testimony, Fed. R. Civ. P. 26(a)(2)(C)(i), it fails to provide a summary of the facts and opinions at issue, Fed. R. Civ. P. 26(a)(2)(C)(ii). More fundamentally, it does not even identify the medical personnel at issue.

"An opposing party should be able (and be entitled) to read an expert disclosure, determine what, if any, adverse opinions are being proffered and make

---

[2] Baldwin's invocation of *Norris* is problematic on its own. Montana law does not govern discovery in federal court, and *Norris* itself highlights the fundamental differences between the state and federal rules in this context, explicitly stating that while Federal Rule 26(a)(2) requires disclosure of *both* retained and hybrid witnesses, Montana's "rules do not provide . . . any disclosure requirements for either identity or opinions of non-retained experts." *Norris v. Fritz*, 270 P.3d 79, 84–85 (Mont. 2012).

11

an informed decision as to whether it is necessary to take a deposition and whether a responding expert is needed." *Cooke v. Town of Colo. City*, 2013 WL 551508, at *5 (D. Ariz. Feb. 13, 2013); *Laslovich v. St. Farm Fire & Cas. Co.*, 307 F.R.D. 533, 536 (D. Mont. 2015). Baldwin's Rule 26(a)(2)(C) disclosure falls far short of that purpose. Prior to exclusion, however, Baldwin will be given an opportunity to show that her failure was either substantially justified or harmless. Fed. R. Civ. P. 37(c)(1).

## Conclusion

Based on the foregoing, IT IS ORDERED that the District's motion to exclude Luedemann from testifying based on his inadequate disclosure (Doc. 41) is GRANTED. The District is therefore entitled to an award of fees and costs. Within fourteen (14) days from the date of this Order, the District shall file an affidavit(s) detailing the fees and costs associated with the motion.

IT IS FURTHER ORDERED that Baldwin has fourteen (14) days from the date of this Order to show that her failure to adequately disclose her hybrid experts under Rule 26(a)(2)(C) was either substantially justified or harmless. *See* Fed. R. Civ. P. 37(c)(1). The failure to do so will result in their exclusion as well.

DATED this 2nd day of December, 2024.

Donald W. Molloy, District Judge
United States District Court

12