IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| LESLIE BALDWIN, for and on behalf of her son, K.B., a minor,<br><br>Plaintiff,<br><br>vs.<br><br>KALISPELL SCHOOL DISTRICT #5, a.k.a. KALISPELL PUBLIC SCHOOL, GLACIER HIGH SCHOOL, and DOES and ROES 1-10,<br><br>Defendants. | CV 23-127-M-DWM<br><br>ORDER |

In October 2023, Plaintiff Leslie Baldwin sued Kalispell School District #5 and Glacier High School (collectively, "the District") and several individuals on behalf of her minor son, K.B., alleging that K.B. was sexually assaulted in February 2022 on a bus returning from a school-sanctioned wrestling event. (*See* Docs. 1, 27.) Subsequently, Baldwin dismissed her claims against the individual defendants and now alleges that the District violated K.B.'s due process, equal protection and Title IX rights (Count I) and is liable under state law theories of negligence (Count II) and emotional distress (Counts III, IV). (*See* Doc. 27.) Despite the fact that a jury trial is scheduled to begin in two months, (Doc. 20 at ¶ 1), Baldwin has filed a motion to voluntarily dismiss her federal claims and a

1

"request to remand case to state district court," (Doc. 49). While the District does not oppose the dismissal of Baldwin's federal claims, it objects to remanding the case to state court, emphasizing both the advanced stage of the case and the fact that Baldwin's state law claims are based on the same facts as her now-dismissed Title IX theories. (*See* Doc. 54.) These issues are unpacked below.

I.   **Dismissal of Federal Claims**

Baldwin has noticed her intent to dismiss her federal claims (Count I), (Doc. 49), and the District does not oppose that request, (Doc. 54 at 2). Thus, Baldwin's federal claims are dismissed pursuant to Federal Rule of Civil Procedure 41(a). Accordingly, only claims premised on Montana state law remain.

II.  **Request for Remand**

In the absence of a remaining federal claim, Baldwin requests that her state law claims be "remanded to State Court" where she has another action pending against the two juvenile boys who sexually assaulted K.B. (Doc. 50 at 3.) Such relief is not possible. Baldwin insists that remand is appropriate pursuant to 28 U.S.C. § 1447(c), which states that, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." However, "[i]t is well-established that a remanded case must return to the state court from which it was removed." 14C Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 3739 (Rev. 4th ed. 2005). This case was

2

originally filed in this Court; it was not removed from a state court. (*See* Doc. 1.) "[O]nly cases that have been removed from a given court can be remanded to that court." *Wittner v. Banner Health*, 720 F.3d 770, 781 (10th Cir. 2013); *see also Garner's Dict. of Legal Usage*, 767 (3d ed. 2011) (defining "remand" as "to send (a case) back to the court from which it came for some further action"). None of the cases cited by Baldwin support remand of a case originally filed in federal court. (*See* Doc. 50 at 3.) Accordingly, Baldwin's request for remand is denied.

## III. Supplemental Jurisdiction

In the absence of remand, the question is whether Baldwin's state law claims should be dismissed without prejudice so that she may pursue them in the state court. Because this case was originally filed in federal court seeking federal question jurisdiction over a Title IX claim, this Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367(a). Section 1367(c) permits a district court to "decline to exercise supplemental jurisdiction over a claim" in the following circumstances:

> (1) the claim raises a novel or complex issue of State law,
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
> (3) the district court has dismissed all claims over which it has original jurisdiction, or
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c). Arguably, subsection (3) counsels in favor of dismissal here.

3

"[A] federal court should consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity in order to decide whether to exercise jurisdiction over a case brought in that court involving pendent state-law claims." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988). "When the balance of these factors indicates that a case properly belongs in state court, as when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline to the exercise of jurisdiction." *Id.* (footnote omitted). However, "[t]hat state law claims *should* be dismissed if federal claims are dismissed before trial . . . has never meant that they *must* be dismissed." *Acri v. Varian Assocs.*, 114 F.3d 999, 1000 (9th Cir. 1997) (internal quotation marks and citation omitted). A district court may also consider "whether plaintiff has engaged in 'manipulative tactics'—i.e., is dismissing federal claims in an exercise in unprincipled forum shopping." *Millar v. Bay Area Rapid Transit*, 236 F. Supp. 2d 1110, 1119 (N.D. Cal. 2002).

Here, the advanced stage of the case and "the values of judicial economy, convenience, fairness, and comity" weigh in favor of the continued exercise of supplemental jurisdiction. *Carnegie-Mellon*, 484 U.S. at 350. As agued by the District, this case is on precipice of trial and any delay in narrowing the issues to the state law claims now pursued by Baldwin are a result of her litigation tactics,

4

not the District's filings. Indeed, a complaint was originally filed in this Court on October 23, 2023, (Doc. 1), and amended on March 26, 2024, (Doc. 17), and again on both May 17, 2024, (Doc. 26), and May 22, 2024, (Doc. 27). In her initial Complaint, Baldwin named not only the District, but also the individual school officials, coaches, and student assailants. (*See* Doc. 1.) She voluntarily dismissed the assailants and assistant wrestling coach on March 5, 2024. (*See* Docs. 10, 12.) It was not until nine months later, however, that Baldwin indicated that she initiated a state law action against the assailants. (*See* Doc. 50 at 2.) In that intervening time, the parties have completed discovery and the Court has issued pretrial rulings. Most notably, on December 2, 2024, Baldwin's retained expert witness was excluded based on an inadequate expert disclosure. (*See* Doc. 47.) It was not until this point—over a year after the case was filed and a week before the close of discovery—that Baldwin decided to seek dismissal of her federal claims and request that she be permitted to proceed in state court.

Ultimately, Baldwin chose this forum to litigate both her state and federal claims against the District. The District, consistent with the Federal Rules of Civil Procedure and this Court's Orders, has defended the case in a timely and efficient manner in that forum. At this point, dispositive motions have been filed and trial is less than two months away. (*See* Doc. 55; Doc. 20 at ¶ 1.) Given the advanced stage of the case and the procedural history outlined above, dismissal of Baldwin's

5

claims would not serve the interests of judicial efficiency, judicial economy, or fairness. Nor, as argued by the District, has Baldwin identified any uniquely difficult or novel areas of state law at issue. Baldwin's remaining claims against the District are simply negligence and emotional distress and those claims are based on the same facts underlying the now-dismissed federal claims. They are appropriate for adjudication by this Court.

Finally, to extent the decision to exercise supplemental jurisdiction forces Baldwin to litigate her case in two separate forums, that burden is of Baldwin's own making. The individual defendants she is proceeding against in state court were originally part of this case. Baldwin herself chose to dismiss them while maintaining her federal action against the District. That decision does not constrain this Court or its exercise of jurisdiction.

## Conclusion

Based on the foregoing, IT IS ORDERED that Baldwin's motion (Doc. 49) is GRANTED in PART and DENIED in PART. It is GRANTED insofar as her Title IX and all related federal claims (Count I) are DISMISSED WITHOUT PREJUDICE. It is DENIED in all other respects. This matter remains set for trial.

DATED this 7th day of January, 2025.

12:00 P.M.

Donald W. Molloy, District Judge
United States District Court