IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| LESLIE BALDWIN, for and on behalf of her son, K.B., a minor,<br><br>Plaintiff,<br><br>vs.<br><br>KALISPELL SCHOOL DISTRICT #5, a.k.a. KALISPELL PUBLIC SCHOOL, GLACIER HIGH SCHOOL, and DOES and ROES 1-10,<br><br>Defendants. | CV 23-127-M-DWM<br><br><br>ORDER |

In October 2023, Plaintiff Leslie Baldwin sued Kalispell School District #5 and Glacier High School (collectively, "the District") and several individuals on behalf of her minor son, K.B., alleging that K.B. was sexually assaulted in February 2022 on a bus returning from a school-sanctioned wrestling event. (*See* Docs. 1, 27.) Subsequently, Baldwin dismissed her claims against the individual defendants, (Docs. 24, 25), and her Title IX claims against the District, (Docs. 49, 59), leaving only claims against the District on state law theories of negligence (Count II) and emotional distress (Counts III, IV). Trial is set for March 3, 2025. (Doc. 20.) After this Court declared its intent to exercise supplemental jurisdiction over the remaining state-law claims under 28 U.S.C. § 1367, (*see* Doc. 59), the

1

Supreme Court's issued its unanimous decision in *Royal Canin U.S.A., Inc. v. Wullschleger*, holding that amendment of a complaint to excise all federal questions deprives the district court of supplemental jurisdiction over the remaining state-law claims. 604 U.S. ___, 2025 WL 96212 (Jan. 15, 2025). Because no federal claims remain in this case, the parties were directed to brief whether dismissal was required under *Royal Canin*. (Doc. 60.) The parties did so. (*See* Docs. 63, 64.) Ultimately, while this case is not on all fours with *Royal Canin*, dismissal is appropriate.

In *Royal Canin*, the plaintiff sued Royal Canin in state court, alleging deceptive marketing practices based on both federal and state law. 2025 WL 96212, at *4. Royal Canin removed the case to federal court based on the plaintiff's federal claim. *Id.* In response, the plaintiff amended her complaint to delete every mention of federal law and moved for remand to the state court. *Id.* Although the district court denied the request, the Eighth Circuit reversed, holding that the "amendment had eliminated any basis for federal-question jurisdiction" and, accordingly, supplemental jurisdiction over the remaining state law claims. *Id.* The Supreme Court ultimately agreed with the Eighth Circuit, holding that when a plaintiff amends her complaint to delete the federal-law claims that established federal question jurisdiction, leaving only state-law claims, the federal court loses supplemental jurisdiction over those claims. *Id.* at *5.

2

Here, unlike *Royal Canin*, the case was originally filed in the federal court, not removed from state court. (*See* Doc. 1.) That difference, does not impact this Court's jurisdiction, however, as the Supreme Court clearly stated: "Nothing in § 1367's text . . . distinguishes between cases removed to federal court and cases originally filed there." *Royal Canin*, 2025 WL 96212, at *6. The more nuanced question is whether Baldwin's prior dismissal of her Title IX claim should be treated as an amendment of her pleading. This inquiry is dispositive as, consistent with *Royal Canin*, the contents of a plaintiff's operative complaint controls the suit. *Id.* at *7–8 (describing a plaintiff as the "master of the complaint" and explaining that such control "extends beyond the time [the] first complaint is filed"). Thus, amendment can either add or remove the basis for federal jurisdiction; i.e., "jurisdiction follows the operative pleading." *Id.* at *9; *see Rockwell Int'l Corp. v. United States*, 549 U.S. 457, 474 (2007) ("[C]ourts look to the amended complaint to determine jurisdiction.").

Here, Baldwin did not explicitly amend her complaint to remove her federal claims; rather, on January 7, 2025, Baldwin was permitted to voluntarily dismiss her Title IX claim, her only federal claim, under Federal Rule of Civil Procedure 41(a). (*See* Doc. 59 at 2.) However, Rule 41 "governs dismissal of *entire actions*, not individual claims." *Hells Canyon Preservation Council v. U.S. Forest Serv.*, 403 F.3d 683, 687 (9th Cir. 2005). Because Rule 41(a) does not allow "piecemeal

3

dismissals, . . . withdrawals of individual claims against a given defendant are governed by [Rule] 15, which addresses amendments to the pleadings." *Id.*; *see Ethridge v. Harbor House Restaurant*, 861 F.2d 1389, 1392 (9th Cir. 1988). Thus, in accepting Baldwin's unopposed dismissal of her Title IX claim under Rule 41, the Court effectively permitted her to amend her complaint to remove the basis for federal subject matter jurisdiction and, pursuant to *Royal Canin*, supplemental jurisdiction. Accordingly, even though Baldwin has engaged in blatant forum shopping and the District's supplemental briefing was both more helpful and relevant,

IT IS ORDERED that this action is dismissed for lack of subject matter jurisdiction. The Clerk is directed to enter a judgment of dismissal to permit the filing of an appeal, if any.

DATED this 24th day of January, 2025.

Donald W. Molloy, District Judge
United States District Court